# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 1:14-cr-00070 |
|---|---|---|
| v. | : | |
|  | : | (Judge Kane) |
| ANGEL SCHUEG, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Defendant Angel Schueg's motion to dismiss the indictment (Doc. No. 424), joined by 15 co-defendants, including two co-defendants, Marc Hernandez and Anthony Sistrunk, who filed separate briefs in support of the motion, requesting relief as to themselves in particular. (Doc. Nos. 453, 468.) For the following reasons, the Court will deny the motion to dismiss the indictment as to all Defendants.

## I. BACKGROUND

On September 17, 2014, a federal grand jury returned a superseding indictment consisting of six counts. At issue here are Counts 1, 2, and 3, charging a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1), conspiracy to distribute cocaine, cocaine base, heroin and marijuana in violation of 21 U.S.C. § 846 (Count 2), and distribution of cocaine, cocaine base, heroin, and marijuana in violation of 21 U.S.C. §§ 2 and 841(a) (Count 3).

The bulk of the indictment is devoted to describing specific acts alleged to have been undertaken by various individuals in furtherance of the conspiracy, including drive-by shootings, retaliatory shootings, controlled purchases of crack cocaine, and fleeing from law enforcement. (Id. ¶¶ 24-34.) The indictment alleges that "[o]n April 19, 2009, [Defendant] and another possessed a Smith & Wesson, Model SW9VE, 9mm pistol and marijuana, which police

1

recovered during a search of his vehicle." (Id. ¶ 32(24).) In addition, the indictment alleges that "members of the Southside Gang have participated in aiding other gang members during violent encounters because of their obligation to support fellow gang members," including an incident on November 17, 2012, when Defendant and three co-defendants "engaged in a violent encounter with a patron at a restaurant located on Loucks Road, York. During the course of the physical altercation, a Southside Gang member fired shots killing the patron." (Id. ¶ 31(1).) Counts 2 and 3 incorporate the factual allegations of count one by reference. (Id. ¶¶ 34-39.) Count 3 raises theories of aiding and abetting and conspiracy liability, seeking to impose culpability on each defendant for the criminal acts of his co-defendants. (See id.)

On July 30, 2015, Defendant Schueg filed this motion to dismiss the indictment. (Doc. No. 424.) In the motion, Defendant, joined by his co-defendants, argues that Counts 1, 2, and 3 are barred by the applicable statute of limitations. Defendant alleges that the indictment fails to sufficiently set forth his participation in the conspiracies during the five-year statute-of-limitations period. Alternatively, Defendant Schueg argues that he withdrew from the conspiracy charged in Counts 1 and 2 outside the limitations period. Similarly, Defendant Sistrunk argues that he affirmatively withdrew from the conspiracy alleged in Count 1 outside the limitations period.

## II.   DISCUSSION

Federal Rule of Criminal Procedure 12(b)(3) permits a criminal defendant to move pre-trial to dismiss an indictment under which he or she has been charged. Fed. R. Crim. P. 12(b)(3)(B). A motion to dismiss the indictment "is not . . . 'a permissible vehicle for addressing the sufficiency of the government's evidence.'" United States v. Bergrin, 650 F.3d 257, 265 (3d

Cir. 2011) (quoting United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000)). Instead, a district court asks "whether the facts alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict." Id. at 268. "Generally speaking, it is a narrow, limited analysis geared only towards ensuring that legally deficient charges do not go to a jury." Id. To sufficiently state a claim, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. " Fed. R. Crim. P. 7(c)(1). "For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."[1] Id.

Once a statute of limitations defense has been raised, "[t]he Government bears the burden of proving that it indicted the defendant within the appropriate limitations period." United States v. Lazo-Rodriguez, 569 F. App'x 103, 105 (3d Cir. 2014) (Vanaskie, J.) (citing Smith v. United States, 133 S.Ct. 714, 721 (2013)). However, in non-obvious cases, the statute of limitations is best addressed at trial and not before, because "determination of when the crime has been committed for statute of limitation purposes . . . is ordinarily a question of fact for the jury." See United States v. Oliva, 46 F.3d 321, 324-25 (3d Cir 1995).

Here, the parties agree that the applicable statute of limitations is five years for each of

---

[1] The propriety of raising the statute of limitations on a motion to dismiss the indictment has been recently called into question. An older version of Federal Rule of Criminal Procedure 12(b) explicitly included statute-of-limitations defenses as permissible grounds for a motion under the rule. See United States v. Grimmett, 150 F.3d 958, 961-62 (8th Cir. 1998). However, statute of limitations defenses were recently removed from the rule's nonexclusive list of permissible grounds for a 12(b) motion, in order "to permit further debate over the treatment of such claims." See Fed. R. Crim. P. 12 advisory committee's note, "Changes Made After Publication and Comment."

3

the three counts at issue. See 18 U.S.C. § 3282(a). It is well established that the RICO conspiracy alleged in Count 1 and the statutory drug conspiracy in Count 2 are "non overt act" charges that do not require the government to prove an overt act in furtherance of the conspiracy in order to obtain a conviction. See Salinas v. United States, 522 U.S. 52, 63 (1997); United States v. Shabani, 513 U.S. 10, 11 (1994). Thus, the statute of limitations for a RICO conspiracy does not begin to run "until the purposes of the conspiracy either have been accomplished or abandoned." Manna v. U.S. Dep't of Justice, 51 F.3d 1158, 1168 n.1 (3d Cir. 1995) (Becker, J., concurring in part) (citing United States v. Persico, 832 F.2d 705, 713 (2d Cir. 1987)) (describing Persico as "[t]he leading case on the issue of completion of the [RICO] crime" for statute-of-limitations purposes). Similarly, the statute of limitations for a controlled substance conspiracy charge brought under 18 U.S.C. § 846 does not begin to run until the conspiracy's termination. See Smith, 133 S.Ct. at 721 ("[T]he offense in these conspiracy prosecutions . . . continues until termination of the conspiracy or, as to a particular defendant, until that defendant's withdrawal.").

For Count 3's distribution of controlled substances on a theory of conspiracy, the statute of limitations begins to run five years from the last overt act committed in furtherance of the conspiracy. United States v. Jack, 281 F.3d 123, 129 n.6 (3d Cir. 2002). This overt act need not be the unlawful object of the criminal conspiracy itself, here the distribution of controlled substances, but rather it may be any outward manifestation, "however innocent in itself, done in furtherance of a conspiracy[.]" "Overt Act," Black's Law Dictionary (10th ed. 2014); see also United States v. McKee, 506 F.3d 225, 243 (3d Cir. 2007) ("An overt act is any act performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy.").

4

In the present case, the Court finds that the indictment is sufficient to survive Defendant's motion to dismiss the indictment based on the statute of limitations. The second superseding indictment, issued on September 17, 2014, spans 34 pages and alleges that Defendant was a member of the older generation of Southside gang members "who ha[s] participated in organizing, directing, and engaging in the violence and drug trafficking activities of the Southside." (Doc. No. 78 ¶ 11.) In addition, the indictment charges that members of the gang agreed to participate in two acts of "racketeering activity in the conduct of the affairs" of the gang. (Id. ¶ 19.) The indictment is subdivided into a number of sections that detail the alleged racketeering enterprise, the "manner and means of the conspiracy," and the "overt acts" of violence and drug trafficking. (Id. ¶¶ 16-33.) Further, the second superseding indictment catalogues sixty-two specific overt acts undertaken by individual defendants alleged to be in furtherance of the group's controlled substance trafficking activities. (Id. ¶¶ 24-34.) A number of these make specific allegations against Defendant himself, including that he "engaged in a violent encounter with a patron at a restaurant" on November 17, 2012, along with a number of his co-defendants and in furtherance of the gang's criminal activities. (Id. ¶ 31(1).) This incident is well within the five-year statute of limitations period applicable to these offenses. The Court rejects Defendant's arguments that this alleged overt act was not actually "in furtherance of" the conspiracy and that the Government has failed to allege that the act in question constituted criminal conduct. The indictment plainly alleges that the altercation on November 17, 2012, was in furtherance of the conspiracy, and as such satisfies pleading requirements. Consequently, the Court finds that the indictment, viewed in its entirety, is sufficient to survive Defendant's motion to dismiss Counts 1, 2, and 3, based on the statute of

limitations.[2] See Oliva, 46 F.3d at 324-25.

The Court's reasoning applies with equal force to co-defendants Marc Hernandez and Anthony Sistrunk. Defendant Hernandez is identified in the affidavit as a major supplier of controlled substances to the Southside gang. (Doc. No. 78 ¶¶ 13-15.) Defendant Sistrunk is identified, like Defendant Schueg, as a member of the Southside's older generation. (Id. ¶ 11.) Both Defendant Sistrunk and Defendant Hernandez are identified repeatedly in connection with conduct that establishes a corrupt organization and a conspiracy to violate the drug laws. They are also implicated in the same November 17, 2012 altercation as Defendant Schueg, so Count 3 of the indictment is sufficient is sufficient as to those defendants as well. (See id. ¶ 31(1).)

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment will be denied. An order consistent with this memorandum follows.

---

[2] Defendant argues in the alternative that he withdrew from the conspiracies outside the applicable statute of limitations period, so even if the indictment is sufficient on the conspiracy charges as to his co-defendants, it is deficient to him. (Doc. No. 425 at 10-11.) Withdrawal, if it occurred outside the statute of limitations period, acts as a defense to a conspiracy charge. Smith, 133 S.Ct. at 719-20. However, the burden of establishing the affirmative defense of withdrawal, "[a]s with other affirmative defenses," rests squarely on a defendant. Id. Such a showing must be made by a preponderance of the evidence. Id. While Defendant (and his co-defendants) may introduce evidence of withdrawal at trial, he has not carried his burden as to his withdrawal defense on this motion.